### In re HERITAGE VILLAGE CHURCH AND MISSIONARY FELLOWSHIP, INC., a/k/a PTL, PTL Club, Fort Heritage Campgrounds and Christian Retreat, PTL Enterprise, Debtor.

### David W. CLARK, Trustee, Plaintiff–Appellant,

v.

### UNITED STATES of America, James A. Baker, III, Secretary of the Department of the Treasury, and Lawrence B. Gibbs, Commissioner of Internal Revenue, Defendants–Appellees.

No. 88–1559.

United States Court of Appeals, Fourth Circuit.

Argued March 31, 1988.

Decided April 20, 1988.

R. Bradford Leggett (Richard B. Howington, Lynne P. Klauer, Allman, Spry, Humphreys, Leggett & Howington, Dennis W. Shedd, Winston Salem, N.C., Bethea, Jordan & Griffin, Hilton Head Island, S.C., on brief), for plaintiff-appellant.

Francis M. Allegra, U.S. Dept. of Justice (James I.K. Knapp, Acting Asst. Atty. Gen., Vinton DeVane Lide, U.S. Atty., Gary R. Allen, Wynette J. Hewett, Dept. of Justice, Tax Div., Washington, D.C., on brief), for defendants-appellees.

Before RUSSELL and WILKINS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM:

David Clark, Trustee in bankruptcy for Heritage Village Church and Missionary

Fellowship, Inc. (PTL), appeals from the district court order dissolving a preliminary injunction issued by the bankruptcy court restraining the Internal Revenue Service from revoking PTL's tax-exempt status. 87 B.R. 401 (D.S.C.1988). We affirm on the reasoning of the district court.

## I.

PTL was incorporated in South Carolina as a nonprofit organization in February 1973. In May 1973, the IRS granted PTL tax-exempt status pursuant to 26 U.S.C.A. § 501(c)(3) (West 1967 & Supp.1987). In 1983 the IRS initiated an extensive audit of PTL for the tax years 1981, 1982 and 1983. In November 1985 PTL was notified that the IRS proposed to revoke its tax-exempt status. PTL pursued administrative remedies seeking review of this proposal. Meanwhile, the IRS initiated an audit for tax years 1984, 1985, 1986 and 1987 which continued after PTL filed a voluntary bankruptcy petition for reorganization in June 1987. 11 U.S.C.A. §§ 1101–1160 (West 1979 & Supp.1987).

After his appointment in October 1987, the IRS informally advised the Trustee of its intent to unilaterally revoke PTL's tax-exempt status retroactive to June 1, 1980. The Trustee then instituted proceedings in bankruptcy court seeking a preliminary injunction to restrain this action by the IRS. On December 21, 1987, the bankruptcy court granted a preliminary injunction, restraining revocation of the tax-exempt status until after May 1, 1988. The IRS appealed to the district court which, on March 7, 1988, dissolved the preliminary injunction. On March 9, 1988 a stay of the district court order was issued pending expedited appeal on the merits before a three-judge panel.

We find that the bankruptcy court had no authority to issue the preliminary injunction restraining revocation of PTL's tax-exempt status. Such an injunction is prohibited by the Anti–Injunction Act, 26 U.S.C.A. § 7421(a) (West 1967 & Supp. 1987), and no general exception exists under the Bankruptcy Code.

## II.

The Anti–Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C.A. § 7421(a). The Supreme Court has held that a suit seeking an injunction preventing the IRS from revoking an organization's tax-exempt status would "necessarily preclude" the collection of taxes and "falls squarely within the literal scope of the Act." *Bob Jones University v. Simon,* 416 U.S. 725, 731–32, 94 S.Ct. 2038, 2043–44, 40 L.Ed.2d 496 (1974) (footnote omitted). Although *Bob Jones* did not arise in a bankruptcy proceeding, that distinction is inapposite.

There is no express provision in the Bankruptcy Code indicating congressional intent that the Code supersede the Anti–Injunction Act. *In re LaSalle Rolling Mills, Inc.,* 832 F.2d 390, 394 (7th Cir.1987). Although the Code provides for the automatic stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case," 11 U.S.C.A. § 362(a)(6) (West 1979 & Supp. 1987), revocation of PTL's tax-exempt status is not an "act to collect, assess, or recover" taxes. As the Court held in *Bob Jones,* revocation of tax-exempt status is a prerequisite to assessment and collection of taxes. 416 U.S. at 731–32, 94 S.Ct. at 2043–44. And while the Anti–Injunction Act applies to preliminary steps to the actual assessment or collection of taxes, the automatic stay provision of section 362(a)(6) does not apply to such preliminary steps as revocation of tax-exempt status or issuance of a notice of tax deficiency as allowed by section 362(b)(8).

## III.

The bankruptcy court found that the revocation of PTL's tax-exempt status would result in the termination of all reorganization efforts of PTL. This harm would certainly justify a preliminary injunction if the court had jurisdiction to issue one. How-

ever, the clear mandate of the Anti–Injunction Act prohibits such an injunction. Although revocation may potentially obstruct the orderly administration in bankruptcy, we decline to create an exception to the Act in the absence of express congressional intent.

AFFIRMED.